**AFFIRMED as MODIFIED; and Opinion Filed August 1, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00653-CR

**KEVIN LARENZIN HENDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F19-75007-K**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

Appellant Kevin Larenzin Henderson was convicted by a jury of murder. *See*
TEX. PENAL CODE ANN. § 19.02(b)(1), (2). At the punishment stage, the jury found
that appellant "caused the death under the immediate influence of sudden passion
arising from an adequate cause," thus reducing the offense from a first-degree felony
to a second-degree felony. *See id.* § 19.02(d). The jury assessed appellant's
punishment at five years' confinement in the Institutional Division of the Texas
Department of Criminal Justice, and the trial court sentenced him accordingly. In
four issues, appellant argues the judgment should be modified to accurately reflect

(1) the amount of costs authorized to be assessed against him, (2) the attorneys for the State, (3) the section of the penal code for the offense, and (4) the degree of the offense. The State agrees that the judgment should be modified but disagrees with appellant as to the amount of costs authorized. In a single cross issue, the State also argues that appellant should have been assessed additional costs. This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). For the reasons discussed below, we affirm the judgment of conviction as modified herein.

## Modification of the Judgment

Appellant argues in his first issue that he was assessed unauthorized costs based on the date of the offense—December 30, 2018—and that the judgment should be modified to reduce the total amount of court costs by $83, making the total amount of costs $207. We agree. The imposition of certain court costs is mandatory upon conviction and should be reflected in the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16. However, a cost cannot be imposed for a service not performed or for a service for which a cost is not expressly provided by law. *Id.* art. 103.002. As we explained in *Shuler v. State*, several cost related statutes were amended by the legislature in 2019. 650 S.W.3d 683, 687–91 (Tex. App.—Dallas 2022, no pet.); *see also Contreras v. State*, Nos. 05-20-00185, 00186-CR, 2021 WL

–2–

6071640, at \*5–9 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication). The new cost structure, set forth in the amended statutes, became effective on January 1, 2020, and applies only to offenses committed on or after that date. *Shuler*, 650 S.W.3d at 687–91; *Contreras*, 2021 WL 6071640, at \*5–9. Here, the offense was committed on December 30, 2018. Thus, the changes that became effective on January 1, 2020, do not apply to appellant's conviction.

The judgment provides that appellant was assessed $290 in costs. The bill of costs provides the following breakdown of the costs assessed:

| Clerk's Fee | 40.00 |
|---|---|
| Jury Fee | 1.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fees | 185.00 |
| County Records Mgt | 25.00 |
| Specialty Court | 25.00 |
| State Jury Fee | 4.00 |

Appellant asserts that the jury and specialty court fees should be deleted, the courthouse security fee should be reduced from $10 to $5, and the consolidated State fees should be reduced from $185 to $133. The State agrees that the specialty court fee should be struck and that the security fee and consolidated State fee should be reduced; however, the State also responds that the jury fee should have been assessed at $4 based on former article 102.0045.

We agree that the $1 Jury Fee and the $25 Specialty Court Fee were among the January 2020 changes and thus should be deleted. *See Shuler*, 650 S.W.3d at

687; *Contreras*, 2021 WL 6071640, at *9, 9 n.7. As to the State's argument that the jury fee should have been assessed at $4 based on former article 102.0045, we note that the bill of costs already includes the $4 State Jury Fee, as previously authorized. *See* FORMER TEX. CODE CRIM. PROC. art. 102.0045(a) (effective Sept. 1, 2011, through Dec. 31, 2019). We also agree that the Court House Security Fee was authorized by former article 102.017 in an amount of $5 and thus should be reduced from $10 to $5. *See Contreras*, 2021 WL 6071640, at *9 n.7. And the State Consolidated Fee was authorized by former section 133.102 of the local government code in an amount of $133, not $185. *See Shuler*, 650 S.W.3d at 691; *Contreras*, 2021 WL 6071640, at *9. Additionally, the Clerk's Fee and the County Records Management Fee were previously authorized by former article 102.005, subsections (a) and (f), of the code of criminal procedure and thus were properly assessed. *See Contreras*, 2021 WL 6071640, at *9 n.7.

The State also argues that the law prior to the 2019 amendments required a defendant convicted by a jury in district court to pay a $40 jury fee,[1] a $4 county and district technology fee,[2] a $50 DNA fee,[3] a $6 judicial support fee,[4] a $2 indigent

---

[1] *See* FORMER TEX. CODE CRIM. PROC. art. 102.004(a) (effective Sept. 1, 2015, through Dec. 31, 2019).

[2] *See* FORMER TEX. CODE CRIM. PROC. art. 102.0169(a) (effective Sept. 1, 2009, through Dec. 31, 2019).

[3] *See* FORMER TEX. CODE CRIM. PROC. art. 102.020(a)(2) (effective Jan. 1, 2017, through Aug. 31, 2019); FORMER TEX. GOV'T CODE ANN. § 411.1471(a)(3)(A) (effective Sept. 1, 2017, through Aug. 31, 2019).

[4] *See* FORMER TEX. LOC. GOV'T CODE ANN. § 133.105(a) (effective Oct. 1, 2007, through Dec. 31, 2019).

defense fee,[5] and a $5 statewide e-filing fee.[6]  Thus, the State argues that the total amount of costs assessed with these additional fees should be $314.

We decline the State's invitation to add these six other fees to the bill of costs and limit our review to whether the costs assessed by the clerk's office were authorized by law.  An argument requesting that new costs should be assessed against a defendant is more properly suited for the trial court and the district clerk's office.  Therefore, we overrule the State's cross-issue and conclude that the costs assessed against appellant should be reduced from $290 to $207.

In appellant's second issue, he further argues that the judgment should be modified to accurately reflect that the attorneys for the State were Megan Reed, State Bar No. 24110260, and Marissa Hatchett, State Bar No. 24085486, not Christ Crozier.  And in his third and fourth issues, he argues that the judgment should accurately reflect that he was convicted under sections 19.02(b)(1), (b)(2), and (d) of the penal code, not just section 19.02 generally, and that his conviction was for a second-degree felony because of the sudden passion finding, not a first-degree felony.  The State agrees, as do we, that the record supports the proposed modifications by appellant.

---

[5] *See* FORMER TEX. LOC. GOV'T CODE ANN. § 133.107(a) (effective Sept. 1, 2011, through Dec. 31, 2019).

[6] *See* FORMER TEX. GOV'T CODE § 51.851(d) (effective Sept. 1, 2015, through Dec. 31, 2019).

It is incumbent on the trial court and the district clerk's office to issue judgments that properly reflect what occurred in any given case. *See* TEX. CODE CRIM. PROC. arts. 42.01 (setting out required provisions of a criminal judgment), 42.16 (providing judgment shall adjudge costs). It is also incumbent on the parties to review the judgment for any errors and seek to correct such errors while the trial court retains plenary power so that an accurate judgment can be presented on appeal. This Court should not be tasked with correcting the trial court's judgments time and time again. Because the trial court's judgment contains numerous errors as discussed above, we sustain appellant's four issues on appeal.

**Conclusion**

The judgment is modified as follows:

- "Attorney for State: Christ Crozier 24050466" is modified to read, "Attorney for State: Megan Reed, 24110260, and Marissa Hatchett, 24085486";

- "Statute for Offense: 19.02 Penal Code" is modified to read, "Statute for Offense: 19.02(b)(1), (b)(2), and (d) Penal Code";

- "Degree of Offense: 1st Degree Felony" is modified to read, "Degree of Offense: 2nd Degree Felony"; and

- "Court Costs: $290" is modified to read "Court Costs: $207."

The bill of costs is also modified as follows:

- "Jury Fee                1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read, "Court House Sec Fee    5.00";

- "Cons State Fees        185.00" is modified to read,
  "Cons State Fees        133.00";

- "Specialty Court        25.00" is deleted; and

- "Initial Amount Due     290.00" is modified to read
  "Initial Amount Due     207.00."

The "Amount Paid" and "Remaining Amount Due" will also need to be updated based on the new initial amount due and any payments appellant has made while this case has been pending on appeal.

As modified, we affirm the judgment of the trial court. The trial court is directed to prepare a corrected judgment and bill of costs that reflect the modifications made in this Court's opinion and judgment. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.). The corrected judgment and bill of costs should be filed with this Court, provided to the parties, and sent to the Texas Department of Criminal Justice.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230653F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

KEVIN LARENZIN HENDERSON,
Appellant

No. 05-23-00653-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas Trial Court Cause No. F19-75007-K. Opinion delivered by Justice Smith. Justices Miskel and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "Attorney for State: Christ Crozier 24050466" is modified to read, "Attorney for State: Megan Reed, 24110260, and Marissa Hatchett, 24085486";

- "Statute for Offense: 19.02 Penal Code" is modified to read, "Statute for Offense: 19.02(b)(1), (b)(2), and (d) Penal Code";

- "Degree of Offense: 1st Degree Felony" is modified to read, "Degree of Offense: 2nd Degree Felony"; and

- "Court Costs: $290" is modified to read "Court Costs: $207."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Jury Fee              1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read, "Court House Sec Fee    5.00";

- "Cons State Fees          185.00" is modified to read,
  "Cons State Fees          133.00";

- "Specialty Court          25.00" is deleted; and

- "Initial Amount Due     290.00" is modified to read
  "Initial Amount Due     207.00."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect this modification. The corrected judgment and bill of costs should be filed with this Court, provided to the parties, and sent to the Texas Department of Criminal Justice.

Judgment entered this 1st day of August 2024.